IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yvonne Harrell, ) | C/A No.  0:13-2269-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review.  The plaintiff, Yvonne Harrell, brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a); see also Blalock v.

Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In September 2009, Harrell applied for SSI, alleging disability beginning April 11, 2009. Harrell's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 28, 2012 at which Harrell, who was represented by Harry F. Smithson, Esquire, appeared and testified. After hearing testimony from Harrell's mother and a vocational expert, the ALJ issued a decision on June 4, 2012 denying benefits and concluding that Harrell was not disabled. (Tr. 12-20.)

Harrell was born in 1965 and was forty-three years old at the time her application was filed. (Tr. 33.) She has a high school education and past relevant work experience as a child care worker. (Tr. 174, 180.) Harrell alleged disability due to a stroke, blurred vision, limited mobility on her left side, heart condition, and breast cancer. (Tr. 173.)

In applying the five-step sequential process, the ALJ found that Harrell had not engaged in substantial gainful activity since September 10, 2009—the date her application was filed. The ALJ also determined that Harrell's obesity, status post cerebrovascular accident, status post left-sided simple mastectomy and breast cancer treatment, back pain, right knee pain, and shortness of breath were severe impairments. However, the ALJ found that Harrell did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Harrell retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk at least 2 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday. She can never climb ladders, ropes or scaffolds, and can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl.



(Tr. 15.) The ALJ found that Harrell had acquired work skills from past relevant work and that there were jobs that existed in significant numbers in the national economy that Harrell could perform. Therefore, the ALJ found that Harrell had not been under a disability since September 10, 2009—the date the application was filed.

Harrell appealed the ALJ's decision to the Appeals Council, which denied her request for review on July 22, 2013, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



## ISSUES

Harrell raises the following issues for this judicial review:

I.  Is the Commissioner's decision that Plaintiff is not disabled supported by substantial evidence and correct under controlling law?

   A.  The ALJ erred in failing to properly evaluate Plaintiff's subjective symptoms.

   B.  The ALJ erred in failing to include Congestive Heart Failure among Plaintiff's "severe" impairments.

   C.  ALJ's Finding of Transferable "Numerical" and "Clerical" Skills[.]

   D.  ALJ's Misreading of Record Regarding Need for Heart Surgery[.]

   E.  The ALJ violated the provisions of SSR 02-01p by failing to consider the impact of Plaintiff's obesity on her ability to work.

(Pl.'s Br., ECF No. 17.)

## DISCUSSION

Harrell presents several issues on appeal. For the reasons that follow, the court agrees that the ALJ's determination at Step Two of the sequential process is unsupported by substantial evidence, which impacts the remaining steps of the sequential process. Therefore, the court addresses this issue first.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 416.920(a)(4)(ii). The claimant bears the burden at this step to show that he has a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:



  (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
  (2) Capacities for seeing, hearing, and speaking;
  (3) Understanding, carrying out, and remembering simple instructions;
  (4) Use of judgment;
  (5) Responding appropriately to supervision, co-workers and usual work situations; and
  (6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.921(b). "[A]n impairment can be considered as not severe only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original) (internal quotation marks omitted).

  At Step Two, the ALJ found that Harrell's obesity, status post cerebrovascular accident, status post left-sided simple mastectomy and breast cancer treatment, back pain, right knee pain, and shortness of breath constituted severe impairments. The ALJ did not discuss or otherwise indicate that she considered any other impairments. Harrell argues that the ALJ erred in failing to determine that her congestive heart failure constituted a severe impairment.

  In support of her allegation of error, Harrell first points out medical evidence beginning in October 2011—five months prior to her hearing before the ALJ—indicating that Harrell was hospitalized for a week and that subsequent emergency room visits in November 2011 and February 2012 included congestive heart failure diagnoses. (See Tr. 506, 508-09, 514-15.) Harrell further argues that Coreg (Carvedilol) was included as one of her discharge medications, which Harrell explains is indicated for treatment of congestive heart failure. (See Pl.'s Br. at 4, ECF No. 17 at 4) (citing Tr. 508-09, 514-15 & Physicians' Desk Reference 1509 (56th ed. 2002)). This medication



was included on her list of current medications at the time of her hearing before the ALJ in March 2012.  (Tr. 238.)

Harrell also argues that although the ALJ considered her stroke that had long-term residual effects on her stamina, strength, and ability to walk, her congestive heart failure is a distinct heart impairment that Harrell argues "caused additional limitations of shortness of breath, fatigue, and urinary frequency from side effects of the Coreg she had been prescribed to treat it."  (Pl.'s Reply Br. at 3, ECF No. 20 at 3.)  Moreover, there is no indication anywhere in the opinion that the ALJ acknowledged or considered this alleged impairment.

All of this evidence arguably demonstrates that Harrell's congestive heart failure limits her physical ability to do basic work activities and is more than a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Evans, 734 F.2d at 1014 (emphasis deleted); see also 20 C.F.R. § 404.1520(c).  However, as stated above, the ALJ's opinion fails to reflect consideration of this impairment or its possible limitations.  Accordingly, it is unclear whether the ALJ overlooked this alleged impairment or whether she considered this diagnosis and found that it did not limit Harrell's ability to do basic work activities.  As a result, the court cannot say that the ALJ's conclusion in this regard is supported by substantial evidence.  Therefore, the court is constrained to remand this matter for further consideration of Harrell's congestive heart failure at Step Two and its impact on the remaining sequential process.

Furthermore, in light of the court's finding that this matter should be remanded for further consideration, the court need not address Harrell's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other



grounds and declining to address claimant's additional arguments). Moreover, if necessary, Harrell may present her additional arguments on remand, which may impact the ALJ's residual functional capacity assessment and hypothetical questions to the vocational expert.

## ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2015
Columbia, South Carolina